UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

OCT 05 2015



| | |
|---|---|
| PAUL A. ROSBERG,<br><br>Petitioner,<br><br>vs.<br><br>J.S. WILLIS, Warden,<br><br>Respondent. | 4:15-CV-04074-LLP<br><br><br>ORDER DISMISSING<br>COMPLAINT |

## INTRODUCTION

Petitioner, Paul A. Rosberg, filed this pro se petition pursuant to 28 U.S.C. § 2241. In his petition, he claims he has not received proper medical care while incarcerated. Docket 1 at 3. For the following reasons, Rosberg's complaint is dismissed.

## DISCUSSION

The Eighth Circuit Court of Appeals stated, "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (quoting *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)). Pro se petitions are construed liberally. *Id.* at 471. Here, as in *Spencer*, "an appropriate construction would be to recharacterize [petitioner's] claim into the correct procedural vehicle for the claim asserted." *Id.* Rosberg's petition raises potential Eighth Amendment

1

violations and should be treated as a *Bivens* action. *Spencer* directs this Court to "obtain the consent of the pro se individual before converting their claims from a habeas proceeding to a *Bivens* action." *Id.*

Normally, the court would grant time to amend the complaint. Rosberg, however, filed another complaint on the same day as this complaint stating his claim in the appropriate § 1983 format. *See* 4:15-CV-04076. Rosberg submitted the exact same affidavit for both filings. Refiling this complaint as a § 1983 action would be futile.

Accordingly, it is ORDERED that Rosberg's complaint (Docket 1) is dismissed without prejudice.

Dated October 5th, 2015.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
UNITED STATES DISTRICT JUDGE

2